STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

November 7, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOVE HEATHERINGTON,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0073**  (BOR Appeal No. 2046140)
(Claim No. 2010131034)

**ADP TOTALSOURCE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dove Heatherington, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. ADP Totalsource, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a June 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 24, 2010, decision rejecting the compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2010, Mr. Heatherington filed an application for worker's compensation benefits based on an alleged back injury he received during the course of his duties as a kennel worker at ADP Totalsource. Mr. Heatherington alleged that on March 16, 2010, he was working with and lifting dogs into cages. Mr. Heatherington alleged that this required him to bend and stretch his back. Although Mr. Heatherington cannot point to an isolated injury to his back, he alleges that by the next morning he was in such pain that he was unable to move. He was initially diagnosed with a lumbar strain at Wheeling Hospital. But Dr. Milton questioned whether Mr.

1

Heatherington had incurred any injury. The claims administrator rejected Mr. Heatherington's claim on May 24, 2010. The Office of Judges affirmed the claims administrator's decision on June 17, 2011. The Board of Review then affirmed the Order of the Office of Judges on December 22, 2011, leading Mr. Heatherington to appeal.

The Office of Judges concluded that a preponderance of the evidence did not establish that Mr. Heatherington had suffered an injury in the course of and as a result of his employment. The Office of Judges found that Mr. Heatherington did not suffer an injury through repetitive use of his low back. The Office of Judges pointed out that Mr. Heatherington had exhibited a degenerative condition in his low back as early as 1995. The Office of Judges also noted that Mr. Heatherington had injured his lower back in 2008 as a result of a motor vehicle accident. The Office of Judges also found several inconsistencies in Mr. Heatherington's account of his injury and pointed out that Mr. Heatherington was absent from work because of back pain for three days immediately prior to the alleged injury. The Office of Judges also pointed out that Mr. Heatherington could not explain how the alleged injury had occurred. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Heatherington has not presented sufficient credible evidence to demonstrate that he received an injury in the course of and resulting from his employment. Mr. Heatherington has a history of low back pain which caused him to miss work immediately prior to the alleged injury. The only evidence in the record that shows that Mr. Heatherington received an occupational injury is his own testimony. But his testimony does not provide a consistent account of the injury in light of his history of back pain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II